## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

Kris K. Agrawal, A Disabled person, )
Individually and as Involuntary co-employer )
with Geo Exploration, LLC-Employer and )
others miss-joined at whims after the fact )
as DBA's required by Federal Law as alleged )
)
Plaintiff )
)
vs. )
)
)
Richard V. Ogden, Board of Oklahoma County )
Commissioners, Okla. Department of Labor, )
Debra Metheny, Curtis Towery, Don A. )
Schooler, Chris Holland, a Former, Employee )
of Geo Exploration, LLC, a convicted Felon as )
chronic Violators of 11 USC 362 Stay in )
multiple Bankruptcies of Employer and )
Non- Employers. )
)
Defendants )

**CIV** CIV-2017- **1364 D**

JURY TRIAL REQUESTED

**FILED**

DEC 2 1 2017

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

**EMERGENCY PETITION FOR TEMPORARY AND PERMANENT INJUNCTION AND DECLARATORY JUDGMENT TO ENJOIN THE DEFENDANTS FROM CONTINUING PROCEEDINGS IN THE DISTRICT COURT OF OKLAHOMA COUNTY ON VOID JUDGMENTS ACQUIRED BY DISREGARDING AUTOMATIC BANKRUPTCY STAY DURING PENDING BANKRUPTCY OF GEO EXPLORATION, LLC, AND KRIS K. AGRAWAL AND COAL GAS USA, LLC, WHO WERE MADE CO-EMPLOYERS INVOLUNTARILY AND FOR DEPRIVATION OF DUE PROCESS RIGHTS GUARANTEED BY 5TH AND 14TH AMENDMENTS OF CONSTITUTION**

## I. JURISDICTION AND VENUE

All parties reside in Oklahoma County and Jurisdiction of this Court is proper under Section 505 or 1146 of Title 11, 28 U.S. Code § 2201, Rule 57, Declaratory Judgment

Act, Rules 38 and 39, Rule 8, 11 USC 105(a) and 42 USC § 1983, Depravation of Civil
Rights under color of law, 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948),
§1334, 42 U.S. CODE § 1983 - CIVIL ACTION FOR Violation of Civil Rights and any other
pertinent laws of the United States of America for enjoining the Defendants who have
chronically disregarded the 11 USC Section 362 Automatic Bankruptcy Stay since July
2009 and added non-employers as employers of Holland after he quit his employment
with Geo Exploration, LLC on November 21, 2007.

## II. OVER VIEW OF WHY the INJUNCTION IS NECESSARY TO PREVENT
## IRREPARABLE HARM

1. The moving party was unaware of Debra Metheny adding non-employers on
   February 3, 2009 as DBA of GEO Exploration, LLC to include "On-Line Oil,
   Inc., (while in-Bankruptcy), Kay Kay Engineering (non existing company), Mittal
   Well, LLC (non existing Company), Coal Gas USA, LLC (never employed a
   soul), Vimala Agrawal (never knew Holland or employed anyone in U.S. or
   knew Labor Department ever existed), Realty Management Associates, LLC
   (an accounting firm that did not employ Holland) and Kris K. Agrawal as
   Manager of GEO in an AND/OR string as a SINGLE EMPLOYER.

2. Further, the moving party was unaware that the Labor Department added,
   Energy Production, LLC, (a non existing company) after ALJ affirming the
   Debra Metheny's over grown list of non-employers on February 03, 2009 liable
   to pay wages in the Final Order of Agency Determination affirmed on February
   10, 2010, and were unable to stop Energy Production Services, LLC being
   added to the list of non-employers by Honorable Barbara Swinton, on

September 21, 2010, and then Coal Gas Mart, LLC was added by Judge

Ogden on December 20, 2017 to the evergreen tree of non-employers as the

employers of Holland. Any Motion filed before Judge Ogden, was denied. Now

the Judge is about to sign into law a judgment of $200,000 in legal fees to

Holland by denying any meaningful opportunity to plaintiff to contest the legal

fee award that was declared MOOT by Judge Swinton; even denying the

Lawyer of GEO the right to present evidence. The Judge used the string of

employer as a singular to deny some motions or separate individuals to deny

other motions at his whim in favoring the criminal defendant, Christopher

Holland.

3. The Supreme Court of Oklahoma is unable to take any action against the

sitting Judge who makes erroneous decisions and disobeys the federal Laws.

4. The moving party has exhausted all appeal rights in which the Violation of the

Automatic Bankruptcy Stay have been repeatedly ignored.

5. It is impracticable to make any headway in the District Court to stop the Judge

from violating the Bankruptcy Code as the State Judges do not understand the

implication of violating the automatic Stay and ignore it due to Judicial immunity.

6. District Court has denied all motions made, and failed to afford the relief

requested and state any reasons for its denial by findings of fact and conclusion

of Law which is an abuse of discretion.

3

7. Since Holland has just been served Petitions to Vacate Judgments on December 20, 2017, he can take the money and dissipate it and the Plaintiff will never be able to recover it from him and he has hired contingency fee Lawyers who are dishonest to the bone. They have threatened Plaintiff's Lawyers, filed Bar complaints and made them quit.

8. An injunction is necessary to maintain the status Quo until the Petitions to Vacate Judgments have been heard by the District Court by a different Judge with open mind and reach a final resolution of the Labor Department and Holland's evergreen tree of money grab. Labor Department denies on record having no interest in collection, but has influenced the Judge his way to comfort Holland and his Lawyers at all hearings even in the absence of Holland.

9. Neither the Bankruptcy Trustee nor the Judges can intervene at the State Level to enjoin the parties from violating the Automatic Bankruptcy Stay. That procedure is cumbersome, very expensive and delay some and unable to provide any relief requested.

10. An original copy of one of the short motion filed is included in **Appendix A** which is derived from a 174-page Motion to deny legal fees on void Judgment of the Courts and certain prior voluminous motions that have been denied by Honorable Judge Ogden are presented in the following Court minutes.

| 09-15-2017 | CTFREE | JUDGE OGDEN: PLTF IS PRESENT PRO SE, DEFT, OK. DEPT. OF LABOR IS PRESENT THROUGH COUNSEL, DEFT. CHRIS HOLLAND |
| --- | --- | --- |

IS PRESENT W/ COUNSEL, DEFT. ENERGY PRODUCTION
SERVICES IS PRESENT THROUGH COUNSEL, AND INTERVENOR,
SPOON RESOURCES IS PRESENT THROUGH COUNSEL, COMES
ON HEARING FOR THE FOLLOWING:
MOTION FOR SUMMARY JUDGMENT TO DELETE THE NAME OF
ENERGY PRODUCTION SERVICES, LLC FROM THE CAPTION OF
THE CASE ABOVE AND BRIEF IN SUPPORT--DENIED
MOTION TO QUASH COLLECTION OF JUDGMENT OF SPOON
RESOURCES, LLC AND FIND JERRY PARENT IN CONTEMPT--
MOOT
OBJECTION TO INTERVENE AND MOTION FOR SANCTIONS
AGAINST SPOON RESOURCES, LLC AND A. EVA BORGHEI FOR
COMPOUNDING LITIGATION OR BARRATRY, MALLICIOUS
PROSECUTION, MAINTAINING FRIVOLOUS OR VAXATIOUS
LITIGATION AFTER NOTICE GIVEN TO THE LAWYER-- DENIED
MOTION TO RECONSIDER-- DENIED, J.E. TO BE PREPARED FOR
07-13-2017 ORDER MOTION FOR SUMMARY JUDGMENT
CHRISTOPHER HOLLAND CAN NOT COLLECT THE STALE
JUDGMENT SINCE NO EXECUTION WAS ISSUED FOR A PERIOD OF
OVERNEARLY 7 YRS. JUDGMENT BECAME DORMANT, NOT
ENFORCEABLE AND SAID JUDGMENT IS DEEMEED SATISFIED--
DENIED MOTION FOR SUMMARY JUDGMENT AGAINST DEPT. OF
LABOR AND CHRISTOPHER HOLLAND-- DENIED
DEFT'S CHRISTOPHER HOLLAND'S MOTION TO STRIKE AND RESP.
TO ENERGY PRODUCTION SERVICES, LLC/AGRAWAL'S MOTION
FOR SUMMARY JUDGMENT-- MOOT AS PER THE COURT'S RULING,
AS TO THE MOTION TO DECLARE PLTF VEXATIOUS IS DENIED
DEFT'S CHRISTOPHER HOLLAND'S MOTION TO STRIKE AND RESP.
TO ENERGY PRODUCTION SERVICES, LLC/AGRAWAL'S MOTION
FOR PARTIAL SUMMARY JUDGEMENT AND MOTION TO DECLARE
AGRAWAL VEXATIOUS-- MOOT

MOTION TO WITHDRAW FOR DEFT ENERGY PRODUCTION
SERVICES, LLC-- SUSTAINED. ALL JOURNAL ENTRY TO BE
PREPARED
--COURT REPORTER, HANNAH TIPTON IS PRESENT--

| 09-15-2017 | NO | NOTICE OF APPEAL AND MOTION TO CERTIFY ALL ORDERS IN FAVOR OF CHRIS HOLLAND AS FINAL APPEALABLE ORDERS |

Document Available (#1038063130) ᴇ TIFF   ᴩ PDF

| 09-15-2017 | NO | NOTICE TO COURT OF PURJURY OF CHRIS HOLLAND IN LOWER COURT AS ATTACHED IN EXHIBIT A. CERTIFICATE OF SERVICE |

Document Available (#1038063134) ▤TIFF   ▥PDF

| 10-20-2017 | CTFREE | JUDGE OGDEN: PLTF IS PRESENT PRO SE, DEFTS APPEAR THROUGH COUNSEL, COMES ON HEARING FOR THE FOLLOWING CASES CV-2010-1171 AND MOTIONS IN CJ-2010-5857:
-MOTION TO DISMISS CLAIMS OF CHRISTOPHER HOLLAND SINCE THEY WERE DISCHARGED IN THE BANKRUPTCY & THIS CASE WAS FILED WHEN AUTOMATIC BANKRUPTCY STAY WAS IN PLACE UNDER JURISDICTION OF CASE NO. 09-14024-NLJ, CHAPTER, AN OKLAHOMA EMPLOYER OF CHRIS HOLLAND-- DENIED
-MOTION TO FILE FOLLOWING SUPPLEMENTAL MOTION TO DISMISS MOTION TO RECONSIDER AND VACATE ALL ORDERS IN FAVOR OF CHRISTOPHER HOLLAND-- DENIED
NOTICE OF APPEAL & MOTION TO CERTIFY ALL ORDERS IN FAVOR CHRIS HOLLAND AS FINAL APPEALABLE ORDERS-- DENIED FOR LACK OF SPECIFICATION W/OUT PREJUDICE OF REFILING, -J.E. REVIEW-- SETTLED, FOR CJ-2010-5857:
--MOTION TO ALLOW THE FOLLOWING MOTION BY THE SUPERVISOR OF CHRIS HOLLAND WHO HAS LIED, PERJURED AND COMMITED FRAUD AND ENGAGED IN MANY CRIMES UPON PUBLIC, BANKS, AND HIS EMPLOYER -- DENIED |

11    On March 8, 2011, the Workmen Comp Division of Labor Department recanted

the overgrown list of employers created by Debra Metheny on February 3, 2009

by allegation of a prior Order by the Workmen Comp Division which was reduced

to against Geo Exploration, LLC and Kris Agrawal finding GEO did have

Workmen Comp Insurance. A petition to Vacate to change that string of non-

employers was denied by Don A. Schooler on November 18, 2014. Many

attempts to see the Agency Administrators were blocked by Curtis Towery who

also blocked the door to the Court Clerk to retrieve the alleged Workmen Comp

Order that Metheny testified to on February 10, 2010, which did not exist. TR

169:5-25, TR170: 1-25, TR 171: 1-25, TR 172:1-25, TR 173: 1-5, 10-11, 15-17,

20-23. Administrative Law Judge was advised of GEO Bankruptcy, but went on to conduct hearing ignoring Automatic Stay and would not allow the evidence of GEO payment to be entered into record. See TR Pages 1, 3, 41, 65, 66, 67, 71, 80, 82, 139, 141, 142, 144, Thus Holland only declared $11,050 paid to him instead of $53,000.

## III. Brief in Support for Injunctive Relief

12.    Without disclosing his felony conviction, Christopher Holland deceived Kris K. Agrawal, Manager of Geo Exploration, LLC (GEO) in obtaining employment on April 27, 2007 and then quitting on November 21, 2007 without disclosing $800,000 in damages he caused before receiving full pay.

13.    Disclosure of felony conviction is required for employment purposes. Had Holland disclosed such conviction, employer would have been on guard so that Holland could have been prevented from obtaining cash by false pretenses, stealing money electronically from the Federal Bank Account, forging signatures on the checks he stole from the U.S. Mail box to cash them, using credit cards over the phone without being in his possession, giving him shelter in the office, storing his belongings in a 40 ft. Trailer, since Holland was homeless. Requiring daily time sheets and work report under penalty of perjury is a must as with other workers. He denied providing daily time sheets and expense reports by stating, "look you have been dealing with crooks, I am not a Crook, so I do not have to provide them."

14.    Due to his negligence, he created nearly $800,000 in unauthorized debt while

holding out as Manager of GEO, which caused GEO to file Chapter 7 Bankruptcy on

July 27, 2009, in Case No. 09-.14024 in Western District of Oklahoma.

15.    Under Penalty of Perjury, Holland filed two fictitious Wage Claims, two

Workmen Comp Claims, an Unemployment Compensation Claim against GEO and a

proof of claim on 4-14-2010 in Geo Bankruptcy which was fully administered on

December 14, 2012 but enjoining Chris Holland from all collection activities on 9-1,

2010 and his claims were adjudicated and discharged.

16.    However, on 9-21-2010, Holland by forging the signatures of Daniel Delluomo

filed collection actions in CV-10-1171 by adding several new non-employer entities

as co-employers and causing them multi-million-dollar losses by garnishments.

17.    A Petition to Vacate Holland's Judgment was filed on 11-13-2014 but he

Hibernated from multiple Process Servers, refused to receive Summons from U.S.

Postmen, and denied receiving Summons served upon him by certified U.S. Mail

through his Lawyers, defying the Law of the Case made by the Supreme Court.

| 06-28-2013 | CTFREE | JUDGE SWINTON: MOTION TO STRIKE & MOTION FOR SANCTIONS AGAINST GEO EXPLORATIONS-SUSTAINED-CYNTHIA ADAMS COURT REPORTER//EMERGENCY TO BE HEARD 8/2/13 @ 2:00 PM |
| 11-13-2014 | JUDG | PETITION TO VACATE JUDGMENT DUE TO NEW EVIDENCE OF PERJURY BY LABOR COMPLIANCE OFFICER, DEBRA METHNEY, FOLLOWING PERJURY OF CHRIS HOLLAND AND LACK OF JURISDICTION OF COURT & BRIEF IN SUPPORT<br><br>Document Available (#1027699022) 📄TIFF    📄PDF |
| 08-27-2015 | AM | SECOND AMENDED PETITON TO VACATE |

Document Available (#1030334065) 🖺TIFF   📄PDF

18.     Two persistent Process Servers found Holland on December 20, 2017 and

served him both Petitions to Vacate Judgment acquired by fraud of Perjury and by

violating Automatic Bankruptcy Stay when he converted his Wage Claims against

non-employers consisting of multiple business entities and persons who never

employed him and against whom he did not file any wage claims and gave no

notice to them. Filing of these Wage Claims is required by **Okla. Adm. Code 380:30-

3-2**. Employee wage claim form.

19.     These Judgments and Orders of Oklahoma Department of Labor, as affirmed by

the District Court of Oklahoma County are void as defined by the U.S. Supreme Court,

the U.S. 10th Circuit Court of Appeals, U.S. Bankruptcy Panel and then Oklahoma

Supreme Court on October 12, 2017 in Miller supra, by citing 308 U.S. 433, 60 S.Ct.

343, 84 L.Ed. 370, KALB et ux. V FEUERSTEIN et ux. KALB v. LUCE et al, Nos.

120, 121, Argued Dec. 15, 1939, Decided Jan. 2, 1940.Mandate Conformed to May 7,

1940, See 291 N.W. 840; 291 N.W. 841. Honorable Justice BLACK delivered the

opinion of the Court.

**20. The** BANK OF OKLAHOMA v. MILLER, 2017 OK CIV APP 48, Case Number: **113146**,

was Decided on: 02/25/2016, Mandate Issued: 10/12/2017 citing Bailey v. Campbell, 1991

OK 67, 862 P.2d 461, Ellis v. Consol. Diesel Elec. Corp., 894 F.2d 371, 372 (10th

Cir.1990), and  KALB et ux. V.  FEUERSTEIN et ux. KALB v. LUCE et al, 308 U.S. 433,

60 S.Ct. 343, 84 L.Ed. 370, **which** require vacation of Judgment or dismissal of case that

improbably violated Section 362 Stay.

9

21.     Further, The Supreme Court of Oklahoma in LOMOE v. CASTELLS TIRE

BARN 2017 OK 99. Case Number: 116139. Decided: 12/11/2017. highlighted Rule

1.201 in addressing prospective lower court decisions that may conflict with appellate

dispositive actions:

> ¶1 In this matter, THE COURT FINDS, from a review of the record and briefs
> submitted, that this Court's recent decision in Gibby v. Hobby Lobby Stores,
> Inc., 2017 OK 78 (October 3, 2017), disposes of the issues presented. Rule
> 1.201 of the Oklahoma Supreme Court Rules provides: "In any case in which it
> appears that a prior controlling appellate decision is dispositive of the appeal,
> the court may summarily affirm or reverse, citing in its order of summary
> disposition this rule and the controlling decision." Okla. Stat. tit. 12, ch. 15,
> app. 1 (2011). TIRE BARN, INC., 2017 OK 99 - ... - Okla: Supreme Court
>
> LOMOE v. CASTELLS TIRE BARN: 2017: Oklahoma Supreme Court ...
>
> https://law.justia.com/cases/oklahoma/supreme-court/2017/116139.html

22 The two principles announced in AmMed—that a notice of appeal is a continuation

of a judicial proceeding, and that the <u>Bankruptcy Code prohibits</u> the filing of such a

notice during an automatic stay—comport with the broader (and broadly held) view that

the filing of a notice of appeal during the pendency of a bankruptcy stay should be

deemed void as a violation of the automatic stay. See Ellis v. Consol. Diesel Elec.

Corp., 894 F.2d 371, 372 (10th Cir.1990) ("It is well established that any action taken

in violation of the stay is void and without effect." (citing Kalb v. Feuerstein, 308 U.S.

433, 438 (1940) (construing a stay provision found in a previous version of the

Bankruptcy Code))); accord Bronson v. U.S., 46 F.3d 1573, 1577 (Fed.Cir.1995) ("A

majority of the circuits have held that actions taken in violation of the automatic stay

are void."); Onaka v. Onaka, 146 P.3d 89, 95 (Haw.2006) ("Actions that are void have

no legal effect. Applying that definition, the situation wherein two notices of appeal

have been filed without legal effect is the functional equivalent of the situation wherein

no notice of appeal has been filed." (citation omitted)); In re Cty. Treasurer & Ex

Officio Cty. Collector of Cook Cty., 719 N.E.2d 143, 150–51 (Ill.App.Ct.1999)

("Because Cambridge's motion to reconsider and its notice of appeal were filed in

violation of the [automatic] stay, they were void."); Burrhus v. M & S Mach. & Supply

Co., 897 S.W.2d 871, 873 (Tex.App.1995) ("[W]e hold that all actions relating to

judicial proceedings taken while the stay is in effect are void. The prosecution of an

appeal is a judicial proceeding."). Consistent with AmMed, we agree with these

holdings.[1] Therefore, since the only notice of appeal Mr. Hewett ever filed was a

nullity, we are without jurisdiction to consider his appeal.

23     Since Oklahoma has adopted new Federal Law on violation of automatic stay which

renders any Judgment Void acquired during pendency of Automatic Stay, it is necessary that

the Defendants be enjoined from further activity of collection of money from any of the non-

employers who have been joined in without cause and without notice to extort money to

enrich the convicted felon, Chris Holland who has been paid in full and owes $42,000 in

Wages received but not declared, except $11,050. Such matters will be presented in the

Petition to Vacate Judgment now served upon him on December 20, 2017.

24.  Meanwhile, immediate emergency exists that Honorable Judge Ogden, who

is the ninth Judge in this Case has decided to violate the constitutional rights of

the Plaintiffs and ignore automatic Bankruptcy Stay and he be enjoined from

awarding nearly $200,000 in legal fees to a convicted felon on a VOID judgment

without affording any meaningful hearings to unjustly enrich Holland after he has been overtly over paid $42,000; but Judges have refused to hear the evidence of such overpayments after the Bankruptcy of Geo Exploration, who paid Holland.

25.     Always material to the wage claim (Exhibit E-1) lodged by Chris Holland ("Holland"), GEO Exploration LLC (hereinafter referred to as "GEO") was his employer who filed the Employer's Wage Claim Response Form (Ex E-2).

26.     The employer/employee relationship began on 4-27-2007 and ended on 12-31-2007 (Exhibit E-1). He quit on November 21, 2007 with full pay. Exhibit P 11, but erroneously lists termination date to 12-31-2007.

27.     That at the time GEO filed for bankruptcy in the Bankruptcy Court of Western District of Oklahoma in Case No. 09-14024 on July 27, 2009, Holland was one of the unsecured creditors listed in the bankruptcy filings (Ex. 3), and;

        a. Holland filed the second Wage Claim Form with the Department of Labor on 11-11-08 wherein he named GEO as his employer, and Kris Agrawal as the "manager" of GEO. (Ex. E-1).

        b. Holland filed with the Bankruptcy Court a "Proof of Claim". Case No. 09-14027.  (Ex.3) on April 14, 2010 wherein he listed a claim of $68,700.

c.   The subject Bankruptcy was closed on December 14, 2012 (Ex.4).  Holland's additional claims for attorney fees, sanctions, and for 2004 Examination were all stricken for reason Holland "failed to submit a proposed order".

d.   At the time of the subject bankruptcy closure on December 14, 2012, id., there were abandon assets in the estate valued at $1,013,373.29, of which amount $918,957.42 was scheduled for discharge –leaving a balance of 94,415.77 ($1,023,373.29 – 918,957.42 =94,415.77).  See Ex 5, date 1/31/2011.  That means $68,700 plus $94,415.77 = $163,115.77 was available to Holland, which he refused.

e.   Holland admitted throughout GEO's bankruptcy that GEO was his employer and that Agrawal was its representative, as well as admitting that GEO owed him $68,700 in unpaid wages, inter alia (See Holland's Motion for 2004 Exam., Case No. 09-14024, filed on April 4, 2011, U.S. Bankruptcy Court for the Western District of Oklahoma). See also, Ex. 6, Doc 95. p1¶1, p2¶4, p3¶ 7 (wherein Holland admits that the Trustee's report indicated discharge and closure of the bankruptcy), p.3¶7, Holland "prays the court to not discharge this bankruptcy".  As shown in paragraph "c" id., the subject bankruptcy was closed, and Holland's claim was thereby discharged.

28.   In contrasting Holland's testimony and assertions in the subject GEO bankruptcy, filed on July 27, 2009 and closed on December 14, 2012, wherein he was very adamant on April 4, 2011 that GEO was his employer, and not Kris Agrawal.  He recanted his testimony and assertions in the hearing before the Department of Labor, wherein he waivered somewhat after coaching on February 10, 2010 (See Ex A-1, TR 65:5-15).

## IV. ARGUMENT AND AUTHORITIES
### Proposition I
#### State Actions in Violation of Section 362 Are Void

29.     The record shows GEO filed for Chapter 7 Bankruptcy on July 27, 2009 and the

case was closed on December 14, 2012.  Holland executed documents in the bankruptcy

proceedings under penalty of perjury in both federal and state jurisdictions; specifically,

he executed a proof of claim, Form B10, Claim no. 7-1, dated 4/14/2010, page 1 of 1.

This form was furnished to the bankruptcy court and shows the sum of money that the

debtor (GEO) owes to the creditor. Holland represented to the Bankruptcy Court that

GEO owed $68,700 to him for unpaid wages (Claim 7-1,).  However, he failed to itemize

with specificity the basis of his claim. Half of that $34,350 is interest or Liquidated

damages and the other half was fraudulently adjudged wages by Perjury more than 180

days before filing the Petition, thus entire claim was discharged in Bankruptcy.

30.     In an Administrative Hearing before the Oklahoma Department of Labor on

February 10, 2010, Holland first testified that his employer was GEO (TR 65:9-12) then

there after he began to flip flop by naming Agrawal as his employer, and before you

knew it his list of employers had greatly multiplied (Exhibit. E-2,).  Notwithstanding, his

initial filing of a wage claim against GEO, which required him to execute a Wage Claim

Form on November 11, 2011 (Ex E-1), under penalty of perjury that GEO as the business

name of his employer, and of course he knew Kris Agrawal was the manager of GEO.

Notwithstanding, knowledge of the subject bankruptcy, Holland obviously failed to

inform the administrative court that he has filed with the federal bankruptcy court a Form

14

B10 wherein he named GEO as his employer, the Debtor in that action. Even after the administrative court was informed of GEO's bankruptcy, it appears the game plan had changed to enlarge the number of employers for whom Holland was employed (Ex E-2). The Administrative Agency attempted to fall back on some other wage claim lodged by a different claimant (Ex.M6, TR 165:14-19, TR 170:1-4) which was later overturned on March 8, 2011, (Ex M-11-12,), but the record was never corrected.

31.    The Administrative Agency was compelled to stay any further action wherein the claimant had signed a sworn statement that GEO was his employer, and the Attorney for the Agency knew or should have known that Holland had attended 341 hearing and later filed Bankruptcy Form B10, Proof of Claim wherein he represented to the Bankruptcy Court that GEO was indebted to him for $68,700.00 stemming from unpaid wages. Section 362 of the Code was indeed violated, see foot Note, on knowledge of Bankruptcy.

32.    GEO's Chapter 7 bankruptcy was closed on December 14, 2012 and Holland's alleged, disputed claim of $68,700.00 was included in the $918,957.42 which was scheduled for discharge, id. The Bankruptcy Court even went so far as to invite Holland to submit an order on his claims, i.d., but he failed to do so; he in effect, abandoned his bankruptcy claim without informing the court; therefore, due to a "lack of activity" in the Chapter 7 action, the Court rightfully closed the case (Ex. 3, Doc 97).

33.    The Administrative Court failed to honor the Section 362 bankruptcy restriction on pending state action, (declaring that it was holding Agrawal responsible [TR 71:15-

22] and this issue was raised in District Court and in the Supreme Court, but the courts were obviously blind folded by Holland, and his companions who have been showing up in actions before this Court as well as in other courts in the State of Oklahoma that involve Kris Agrawal.

34.     The record in federal and state courts clearly document, under penalty of perjury, that Holland was employed by GEO.  The Bankruptcy Court assumed original jurisdiction over Holland's wage claim and Section 362 was effectuated.  The state courts ignored the mandate of Section 362 and went full steam ahead –adding new alleged employers to the list of Holland's meritless claims that were not supported by execution of any additional Wage Claim Forms, as required by state law:

> **Okla. Adm. Code 380:30-3-2**. Employee wage claim form
>
> (a)   An employee, or the survivor of an employee, who has not been paid wages due may file a claim on a form provided by the Department. The Department shall keep a record of each claim filed and the disposition of the claim.
>
> (b)   The wage claim form shall request information regarding the dates the work was performed, the rate of pay, the reasons the wages have not been paid in full and the amount of money due, the full name of the claimant, the full name of the employee if the claimant is the survivor of the employee, the street address of the claimant, the telephone number for the claimant, if any, the physical location where the work was performed, the name of the immediate supervisor of the employee, the name of the employer, the address of the employer, and any information regarding bonuses, sick leave, annual leave or other advantages due the claimant. The claimant shall provide evidence in support of the claim within the claimant's possession, including time cards, personal time records, payroll check stubs, W-2 statements, written wage agreements, statements from witnesses who have direct knowledge regarding the hours worked and the wage agreement, and all other documents which substantiate the employment relationship.
>
> (c)   The Department shall notify the respondent of the filed claim.
>
> **Okla. Adm. Code   380:30-3-3. Employer response form**

(a)   If the respondent agrees the amount claimed is due, the respondent shall issue a check to the claimant and send it to the Department. Subject to collection of funds payable by check, this action closes the claim and the wages are forwarded to the claimant. If the respondent agrees that a portion of the amount claimed is due, that amount should be paid immediately as provided in this subsection. If all or part of the claimed wages are disputed by the respondent, the respondent must complete an Employer Response Form, which will be provided by the Department, and return the response form to the Department.

(b)   The Employer Response Form shall request such information as the type of business entity of the respondent, the names and operators of the business, employment dates of the claimant, or the employee for which the survivor is making the claim, the rate of pay for the claimant, copies of any withholding statement for the claimant for the time period for which the claim is made and for the immediately prior pay period of the claimant, copies of any time cards or records for the time period for which the claim is made and for the immediately prior pay period, copies of any written employment policies or agreements and the respondent's reasons for not paying the wages alleged to be due by the claimant. The Department may issue subpoenas to require the employer to appear and/or to submit further written information or documentation, require the claimant to submit further written information or documentation. The Department may conduct an informal proceeding to resolve the claim prior to the issuance of the Order of Determination as provided in rule 380:30-3-3.1.

(c)   Upon failure by the respondent to complete and return the Employer Response Form within fifteen (15) days from notice thereof, the Department may make a determination based upon the facts in evidence and documents on file regarding the issuance of the Order of Determination as provided in rule 380:30-3-3.1.

(d)   Every employer subject to Title 40 of the Oklahoma Statutes or any order issued pursuant to Title 40 of the Oklahoma Statutes shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for the entire length of employment for all persons currently employed and no less than five (5) years from the end of employment for all former employees.

[**Source:** Added at 13 Ok Reg 3413, eff 8-12-96; Amended at 14 Ok Reg 2968, eff 7-13-97; Amended at 15 Ok Reg 2711, eff 6-25-98; Amended at 20 Ok Reg 2699, eff 8-12-03]

The Supreme Court in *Lomoe v. Castells Tire Barn, supra.,* highlighted Rule 1.201 in addressing

prospective lower court decisions that may conflict with appellate dispositive actions:

¶1 In this matter, THE COURT FINDS, from a review of the record and briefs submitted, that this Court's recent decision in Gibby v. Hobby Lobby Stores, Inc., 2017 OK 78 (October 3, 2017), disposes of the issues presented. Rule 1.201 of the Oklahoma Supreme Court Rules provides: "In any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Stat. tit. 12, ch. 15, app. 1 (2011). LOMOE v. CASTELLS TIRE BARN, INC., 2017 OK 99 Case Number: 116139. Decided: 12/11/2017. THE SUPREME COURT OF THE STATE OF OKLAHOMA. NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

Comparatively, *Lomoe,* i.d. follows the dispositive decision reached in *Gibby;* however, the principle of the law is governing the treatment and application of an appellate decision that overrules a prior principle of law that was previously acceptable. The Supreme Court concluded that the "court may summarily affirm or reverse..." Here, the Bankruptcy Court had exclusive and original jurisdiction over the "wage claim" of Holland. Section 362 was not honored in any of the state courts, including the Supreme Court. Thus, GEO was never afforded an opportunity to access the judicial process in any of the state forums. It is unquestionable that the Bankruptcy Court was in an appellate jurisdiction position in determining the "wage claim/proof of claim" presented by both Holland and GEO. That Court discharged that debt, and no state court was clothed with the authority or jurisdiction to re-litigate that same claim and Section 362 was in fact compelling.

Why would Holland not move the Bankruptcy Court for distribution of funds in the estate that exceeded his claim? –he obviously thought the grass was greener on the other side of the fence.

35.   Since **Bailey v. Campbell, 1991 OK 67, 862 P.2d 461, Case Number:** 74859, 74860

**Decided: 07/02/1991, As Modified by Rehearing: March 31, 1992, Supreme Court of**

**Oklahoma, requires dismissal of case that improbably violated Section 362**12. **BANK OF**

**OKLAHOMA v. MILLER, 2017 OK CIV APP 48, Case Number:** 113146**, Decided:**

**02/25/2016, Mandate Issued: 10/12/2017**

> ¶7 It is clear that all proceedings against the Millers, outside of a limited
> number of statutorily allowed actions not implicated here, were stayed by §
> 362(a). It is further well established that any action **taken in violation of the §
> 362 stay is void and without effect.** *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d
> 371, 372-73 (10th Cir. 1990) citing *Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct.
> 343, 346 (1940). "[A] valid judgment cannot be rendered against a party while it
> stands protected by an automatic bankruptcy stay." *Bailey v. Campbell*, 1991 OK 67,
> ¶ 12, 862 P.2d 461. Bank's judgment against Millers is therefore void unless
> the bankruptcy court lifted its stay to allow such an action.

36.   Agrawal, GEO, Coal Gas and any of the non-employers were ever afforded an

opportunity to access the judicial process, nor were any of the alleged co-employers of

Holland for none of whom were allowed to raise deprivations of rights guaranteed by the

Constitution of the United States; specifically, the right to an equal application of the law;

the right to be served with notice and summons; the right to be heard; the right to be

secure in their property; and the right to defend and automatic Bankruptcy Stay was

summarily denied.

37.   Agrawal includes a treatise on Automatic Stay: Violations, Remedies and

Sanctions for the use of defendants and the Court, in **Appendix B, see page 27 about**

**District Courts authority 28 USC 1334**.

38.     No monetary damages are being sought in this Petition to allow the defendants to

correct their glaring errors, failing which damages of five million dollars are asserted and

a Jury trial is requested.

Wherefore, premises considered, the Plaintiffs request that Christopher Holland be

enjoined from collecting any money from any of the false non-employers, and Honorable

Richard Ogden be enjoined to take any action in awarding money to Holland until

Petitions to Vacate Judgments have run its Course thru the Court system.

Respectfully Submitted,

Kris K. Agrawal, PRO-SE
4133 N. Lincoln Blvd.,
Oklahoma City, Ok 73105
405-326-0888