IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KRIS K. AGRAWAL, et al., )
)
      Plaintiffs, )
)
v. ) Case No. CIV-17-1364-D
)
RICHARD V. OGDEN, et al., )
)
      Defendants. )

## ORDER

On January 4, 2016, Plaintiff brought suit against several officials with the Oklahoma Department of Labor (ODOL), Christopher Holland, and others, asking the Court to overturn an adverse ruling made by ODOL in a wage dispute brought by Holland. The Court dismissed Plaintiff's action on the grounds his claims were barred under the *Rooker-Feldman* doctrine in that Plaintiff impermissibly sought judicial review of a fully adjudicated state court judgment. *See Agrawal v. Okla. Dep't of Labor*, No. CIV-16-3-D, 2016 WL 7324089, at *2 (W.D. Okla. Dec. 15, 2016).[1] The Court also found Plaintiff's claims were barred by the doctrines of res judicata and/or claim preclusion because Plaintiff's suit essentially constituted an attempt to relitigate the state court action. *See id.* at *3.

---

[1] The contested award was upheld by the Oklahoma County District Court and subsequently affirmed by the Oklahoma Supreme Court. *See Agrawal v. Okla. Dep't of Labor*, 2015 OK 67, 364 P.3d 618.

Undeterred, Plaintiff filed a new cause of action for declaratory and injunctive relief against ODOL, the Board of County Commissioners for Oklahoma County, Holland, and Oklahoma County District Judge Richard Ogden [Doc. No. 1]. Even a cursory review of the Complaint shows that, again, the crux of Plaintiff's suit is his dissatisfaction with the state court proceedings. For example, Plaintiff argues he is entitled to injunctive relief because Holland allegedly deceived him in obtaining employment. *See* Compl. ¶¶12-13. He describes Holland's wage claims as "fictitious." *Id*. ¶ 15. As before, Plaintiff disputes Holland's status as an employee, *id*. ¶¶ 18, 30, and contends he (Plaintiff) was not afforded an opportunity to be heard and defend his case. *Id*. ¶ 36. Plaintiff contends the ODOL's judgment is "void." *Id*. ¶ 19. Plaintiff requests an injunction "to maintain the status [q]uo until the Petitions to Vacate Judgments have been heard by the District Court by a different Judge with open mind and reach a final resolution of the Labor Department and Holland's evergreen tree of money grab." *Id*. ¶ 8. Plaintiff also seeks to enjoin the state court's presumptive award of attorney's fees to Holland. *Id*. at ¶¶ 2, 24. In sum, Plaintiff asks "that Christopher Holland be enjoined from collecting any money from any of the false non-employers, and Honorable Richard Ogden be enjoined to take any action in awarding money to Holland until Petitions to Vacate Judgments have run its [sic] [c]ourse thru the [c]ourt system." *Id*. at 20.

Before the Court are motions to dismiss filed by ODOL [Doc. No. 10], Judge Ogden [Doc. No. 13], and the Board of County Commissioners [Doc. No. 15]. Although the defendants' reasons for dismissal vary in some respects, they all agree dismissal is appropriate for (1) lack of subject matter jurisdiction under *Rooker-Feldman* and (2) failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6).

The rationale underlying the Court's December 2016 ruling applies equally here. As stated in that order, under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1291 (10th Cir. 2011).[2] In 2005, the Supreme Court narrowed the scope of the doctrine by mandating that it be applied only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

---

[2] Indeed, the verbose title of Plaintiff's Complaint contends the state court proceedings constitute "deprivation of due process rights guaranteed by 5th and 14th Amendments of Constitution." *See* Compl. at 1.

Once again, application of *Rooker-Feldman* leads to the conclusion that the Court is without jurisdiction to provide the relief sought by Plaintiff. The form of relief relates directly to the state-court proceedings and Plaintiff's claim depends on, and attacks, the state court rulings made below. This plainly implicates the preclusive effect of *Rooker-Feldman* and subject matter jurisdiction is therefore lacking.

Moreover, the Anti-Injunction Act forbids federal courts from issuing injunctions to stay proceedings in state courts unless one of three enumerated exceptions applies: (1) an injunction is expressly authorized by an act of Congress, (2) an injunction is necessary to aid the federal court's jurisdiction, or (3) an injunction is necessary to protect or effectuate the federal court's judgments. 28 U.S.C. § 2283. Plaintiff has not made any persuasive showing that the Court has the power to enjoin the state court proceedings. Moreover, the Court's independent analysis of the case law does not reveal any legal authority or doctrine allowing an injunction under the circumstances presented here.

The Court lacks subject matter jurisdiction over Plaintiff's Complaint. Accordingly, Defendants' Motions to Dismiss [Doc. Nos. 10, 13, and 15] are **GRANTED** as set forth herein. Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without

prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.") (citations omitted).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, Motion for Summary Judgment, Motion for Declaratory Ruling [Doc. Nos. 17, 20, 26], and Defendant ODOL's Motion to Strike [Doc. No. 21] are deemed moot by this Order. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 16th day of March 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE